1  Ure Law Firm, A.P.C.    (SPACE BELOW FOR FILING STAMP ONLY)
   811 Wilshire Blvd., Suite 1000
2  LOS ANGELES, CALIFORNIA 90017
   TEL: (213) 202-6070
   FAX: (213) 202-6075
3  THOMAS B. URE State Bar No. 170492
   TBUesq@aol.com
4  Attorney for   Debtors/Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No.: LA 09-33730-VZ |
| ANGEL PEREZ and MONICA PEREZ, | CHAPTER 13 |
| DEBTORS. | Adv. No.: |
| ANGEL PEREZ and MONICA PEREZ, | COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF SECURED CLAIMS AND TO EXTINGUISH THE LIEN OF BAYVIEW LOAN SERVICING. |
| PLAINTIFFS, | |
| VS. | |
| BAYVIEW LOAN SERVICING, | |
| DEFENDANT. | |

COMES NOW plaintiffs and Chapter 13 Debtors ANGEL PEREZ and MONICA PEREZ, individuals, and complain against BAYVIEW LOAN SERVICING, as follows:

1. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 (a).

2. This is a core proceeding under 28 U.S.C. §157 (b) (2) (K) and (O).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1409 (a), in that the instant proceeding is related to the case under Title 11 of the United States Code, which is before this court.

4. On September 2, 2009, Plaintiffs filed a voluntary petition under chapter 13 of the bankruptcy code, which was assigned case number LA 09-33730-VZ.

5. At all relevant times, Plaintiffs resided at and were the owners of the real property in question commonly known as 11302 Mapledale Street, Norwalk, CA 90650 (hereinafter the "Real Property").

6. Plaintiffs are informed and believe that the Real Property is subject to a first Deed of Trust in favor of WELLS FARGO HOME MORTGAGE. (hereinafter "FIRST TRUST DEED CLAIM") which as of the filing date had a balance of approximately $394,400.00.

7. Plaintiffs are informed and believe that the Real Property is subject to a second Deed of Trust in favor of BAYVIEW LOAN SERVICING (hereinafter "SECOND TRUST DEED CLAIM") which as of the filing date had a balance of approximately $97,463.00.

8. Plaintiffs are informed and believe that as of September 3, 2009, the Real Property had a value of $300,000.00. This valuation is based on an appraisal conducted by a State of California Licensed Real Estate Appraiser.

## I.

## FIRST CLAIM FOR RELIEF

## VALUATION OF SECURITY

9. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here.

10. Plaintiffs allege that the Real Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying chapter 13 case.

11. Pursuant to 11 U.S.C §506 (a) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the value of the Real Property.

## II.

## SECOND CLAIM FOR RELIEF

### DETERMINATION OF THE EXTENT OF SECOND TRUST DEED CLAIM

12. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here.

13. Pursuant to 11 U.S.C §506 (a) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the nature and extent of the SECOND TRUST DEED CLAIM on the Real Property.

## III.

## THIRD CLAIM FOR RELIEF

### EXTINGUISHMENT OF THE SECOND TRUST DEED CLAIM

14. Plaintiffs re-allege the allegations in paragraphs 1 through 8, 9 through 11, and 12 and 13 of the Complaint as if fully set forth here.

15. Plaintiffs are informed and believe that the SECOND TRUST DEED CLAIM is completely unsecured and under applicable law may be determined to be a general unsecured claim.

16. Plaintiffs are informed and believe that the Court has the authority under applicable law, including 11 U.S.C. §1322 (b), to Order the treatment of the holder of the SECOND TRUST DEED CLAIM, BAYVIEW LOAN SERVICING, as an unsecured creditor.

17. Plaintiffs are informed and believe that under applicable law, upon completion of their chapter 13 plan and an issuance of discharge, the Court has the authority to Order extinguishment of the SECOND TRUST DEED CLAIM.

///

///

///

## REQUEST FOR JUDGMENTS AND ORDERS

Based on the foregoing, Plaintiffs request that the Court enter a judgment which:

1. Determines the value of the Real Property to be $300,000.00;

2. Determines that the FIRST TRUST DEED CLAIM is secured in an amount exceeding the value of the Real Property;

3. Determines that the SECOND TRUST DEED CLAIM is wholly unsecured;

4. Extinguishes the SECOND TRUST DEED CLAIM and permits modification of the claim under §1322(b)(2); and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

URE LAW FIRM

DATED: 9/22/09

By: _____
THOMAS B. URE
Attorney for Plaintiffs

- 4 -

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|

| PLAINTIFFS<br>Angel Perez<br>Monica Perez<br>11302 Mapledale Street<br>Norwalk, CA 90650 | DEFENDANTS<br>Bayview Loan Servicing<br>Attn: Customer Service Department<br>4425 Ponce de leon Blvd, 5th floor<br>Coral Gables, FL 33146 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Thomas B. Ure 170492<br>Ure Law Firm<br>811 Wilshire Blvd., Suite 1000<br>Los Angeles, CA 90017<br>213-202-6070 Fax: 213-202-6075 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
**COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF SECURED CLAIMS AND TO EXTINGUISH THE LIEN OF BAYVIEW LOAN SERVICING.**

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[X] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| NAME OF DEBTOR<br>Angel Perez<br>Monica Perez || BANKRUPTCY CASE NO.<br>2:09-bk-33730 VZ |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Vincent P. Zurzolo |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>Thomas B. Ure 170492 |||
| DATE<br>9/22/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Thomas B. Ure 170492 ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone and Fax Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Thomas B. Ure<br>811 Wilshire Blvd., Suite 1000<br>Los Angeles, CA 90017<br>213-202-6070 Fax: 213-202-6075<br>California State Bar Number: 170492<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Angel Perez**<br>**Monica Perez**<br><br>Debtor. | CHAPTER __13__<br><br>CASE NUMBER 2:09-bk-33730 VZ<br><br>ADVERSARY NUMBER |
|---|---|
| **Angel Perez and Monica Perez**<br>Plaintiff(s),<br>vs.<br>**Bayview Loan Servicing**<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only)(Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE**<br>**OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009 (COA-SA)

**F 7004-1**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy