| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar No. | FOR COURT USE ONLY |
|---|---|
| Thomas B. Ure<br>811 Wilshire Blvd., Suite 1000<br>Los Angeles, CA 90017<br>213-202-6070 Fax: 213-202-6075<br>California State Bar No.: 170492<br><br>*Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

Angel Perez
Monica Perez

Debtor.

| | |
|---|---|
| Plaintiff(s),<br><br>Angel Perez and Monica Perez<br><br>vs.<br><br>Bayview Loan Servicing<br><br>Defendant(s). | CHAPTER: **13**<br>CASE NO.: 2:09-bk-33730 VZ<br>ADVERSARY NO.: **LA 09-02191-VZ**<br><br>**Date:** December 8, 2009.<br>**Time:** 11:00 a.m.<br>**Place:** 255 E Temple Street<br>Courtroom 1368<br>Los Angeles, CA 90012 |

# MOTION FOR DEFAULT JUDGMENT
# UNDER LOCAL BANKRUPTCY RULE 9021-1

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant(s) against whom default judgment is sought *(Name)*: Bayview Loan Servicing

2. Plaintiff filed the Complaint in the above-captioned proceeding on *(specify date)*: September 22, 2009.

3. The Summons and Complaint were served on Defendant by ☐ Personal Service   ☒ Mail Service
   on the following date *(specify date)*: September 25, 2009.

4. A conformed copy of the completed Return of Summons form is attached hereto.

5. The time for filing an Answer or other response expired on *(specify date)*: October 22, 2009.

6. No Answer or other response has been filed or served by Defendant.

7. The default of Defendant:
   a. ☒ Has not yet been entered, but is hereby requested
   b. ☐ Was entered on *(specify date)*:

8. **A Status Conference:**
   a. ☒ Is scheduled for *(specify date, time and place)*: December 10, 2009, 255 E temple Street, Los Angeles, CA 90012
   b. ☐ Was held on *(specify date, time and place)*:

---

*Rev. 5/98* This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 9021-1.3**

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

Motion for Entry of Default Judgment under Local Bankruptcy Rule 9021-1 - Page 2        **9021-1.3**

| In re<br>**Angel Perez**<br>**Monica Perez**<br>Debtor. | CHAPTER: **13**<br>CASE NO.: **2:09-bk-33730 VZ** |
|---|---|

9. As proof that Plaintiff is entitled to the relief requested in the Complaint, Plaintiff:

   a. ☒ Relies on the Complaint and documents attached thereto.

   b. ☒ Attaches the following documents to establish a prima facie case:

   (1) ☒ Declaration of *(specify)*: Monica Perez

   (2) ☒ Declaration of *(specify)*: Shahram Fahimdejban

   (3) ☒ Declaration of *(specify)*: Thomas B. Ure

10. ☒ As further support for entry of a Default Judgment, Plaintiff submits a Memorandum of Points and Authorities *(Optional)*.

11. **DECLARATION OF NON-MILITARY STATUS**: No defendant named in Paragraph 1 above is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App §§ 501-594). The undersigned declares under penalty of perjury that this statement of defendant's non-military status is true and correct and is made under penalty of perjury under the laws of the United States of America based upon the undersigned's review of said Defendant's Statement of Affairs and Statement of Income and Expenditures filed in this case and is based upon the undersigned's lack of any information or belief that there has been any change of circumstances as to defendant's non-military status.

12. Defaulting party is not an infant or incompetent party.

WHEREFORE, Plaintiff prays that this Court enter a Default Judgment in favor of Plaintiff. A Copy of the proposed Default Judgment is submitted herewith and has been served.

Dated:    11/17/09

Respectfully submitted,

**Ure Law Firm**
*Firm Name*

By: [signature]

Name:    **Thomas B. Ure 170492**
         *Attorney for Plaintiff or Plaintiff*

*Rev. 5/98* This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 9021-1.3**

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTORY STATEMENT

The Debtors believe that the subject real property has a current market value of $300,000.00 and it is subject to a senior First Trust Deed in favor of WELLS FARGO HOME MORTGAGE (hereinafter "FIRST TRUST DEED CLAIM") with an outstanding balance on said loan of about $419,578.27 and a Second Trust Deed in favor of BAYVIEW LOAN SERVICING (hereinafter "SECOND TRUST DEED CLAIM") with an outstanding balance of about $97,463.00 (See attached DECLARATION OF MONICA PEREZ).

If the Court finds the Debtors valuation to be accurate, then the entire claim of the SECOND TRUST DEED CLAIM in the sum of $97,463.00 is, by virtue of that finding, unsecured (the Debtors valuation does not subtract anything for transaction costs).

Debtors have filed a Chapter 13 Plan in which they contemplate maintaining current payments to creditors with secured interests in the real property of the Debtors. The SECOND TRUST DEED CLAIM, however, is wholly unsecured, and Debtors propose to pay zero percent on all allowed unsecured claims without priority.

## II.

## THE COURT IS AUTHORIZED TO BIFURCATE THE REAL PROPERTY LIENS INTO CLAIMS THAT ARE SECURED OR PARTIALLY SECURED, AND CLAIMS THAT ARE WHOLLY UNSECURED; AND THE WHOLLY UNSECURED CLAIM MAY BE MODIFIED IN THE CHAPTER 13 PLAN EVEN THOUGH THE CLAIM IS PURPORTED TO BE SECURED BY THE DEBTOR'S PRINCIPAL RESIDENCE

A party in interest may move the Court to determine the value of a claim secured by a lien on property in which the estate has an interest. Bankruptcy Rule 3012. A party in interest includes the Debtor. Under Bankruptcy Code Section 506(a), the claim of a secured creditor is subject to valuation and bifurcation so that the creditor will have a secured claim equal to the value of the collateral and an

unsecured claim for the deficiency. See generally, In Re Houghland, 886 F.2d 1182 (9th Cir. 1989) and In Re Greystone III Joint Venture, 102 Bankr. 560, 561 (Bankr. WD, Tex 1989) ("Greystone").

The Supreme Court held in Nobleman v. American Savings Bank, 508 U.S. 324 (1993), that Bankruptcy Code Section 1322(b)'s anti-modification provision protects creditors that have a partially secured claim which is secured by the debtor's principal residence, despite the claims being undersecured. The Nobleman court, however, did not reach the issue of whether a wholly unsecured lien is entitled to claim the protection of §1322(b). Therefore, a court may allow the modification of a wholly unsecured lien not withstanding the holding of Nobleman.

In the instant case, Debtors residence is valued at $300,000.00 (See Declaration of SHAHRAM FAHIMDEJBAN Exhibit "C"). There is a First Trust Deed claim in the amount of $419,578.27 Therefore, the SECOND TRUST DEED CLAIM is wholly unsecured because the value of the senior First Deed of Trust lienhold exceeds the value of the collateral. Thus, SECOND TRUST DEED CLAIM may be modified despite the holding of Nobleman, or §1322(b).

Post-Nobleman courts have addressed the issue presented herein: can a wholly unsecured creditor's claim be modified under §1322(b) in light of Nobleman It seems as if the majority of courts have allowed modification of such right by interpreting Nobleman as being limited to its facts.

In a Ninth Circuit Bankruptcy Appellate Panel decision, the court followed the line of cases that allow modification of a wholly unsecured creditor's rights. In re Lam, 211 B.R. 36 (9th Cir. BAP (Cal) 1997). In the Lam case, the debtors were attempting to modify the rights of a wholly unsecured creditor. The trial court, citing Nobleman, ruled against the debtors, and debtors appealed.

The 9th Circuit BAP overruled the trial court decision. The court examined the Nobleman decision and found that it is limited to its facts, to wit, the **partially** unsecured creditor. The BAP held that Nobleman and its focus on rights, does not apply to the wholly unsecured creditor. Thus, the BAP allowed the debtors to modify the rights of the wholly unsecured creditor, and creditor appealed to the 9th Circuit. The 9th Circuit ruled the appeal is moot, and thus the decision of the BAP still applies to the issues presented here.

2

In the instant case, as in Lam, the SECOND TRUST DEED CLAIM is wholly unsecured. The FIRST TRUST DEED CLAIM exceeds the fair market value of the property. Therefore, there is no security to which the SECOND TRUST DEED CLAIM can attach. Accordingly, the SECOND TRUST DEED CLAIM lienhold may be modified under the holding of In re Lam (supra).

A California Bankruptcy Court had held that a Chapter 13 debtor may strip off a lien on a primary residence under §506(a) when such claim is totally unsecured. The court held that because the lien was unsecured, the creditor was not entitled to claim §1322(b) anti-modification protection. In re Geyer, 302 B.R. 726 (Brktcy. S.D. Cal. 1996). Thus, as in the case at bar, when a Chapter 13 debtor's principal residence is encumbered by liens which are totally unsecured, the unsecured lien holders' rights may be modified despite the Nobleman decision.

One of the most in-depth analyses of the instant issue was set forth in In re Hornes, 160 B.R. 709 (Brktcy. D.Conn. 1993). There, the court thoroughly examined the implication of Nobleman on a totally unsecured lien. The Hornes court interpreted the Nobleman decision to be limited to secured liens or liens that are partially secured and partially unsecured. In reaching this interpretation, the Hornes court stated that the Supreme Court in Nobleman recognized that it was impossible to modify the unsecured portion of an undersecured lien without affecting the secured portion. Id. at 715. Therefore, for undersecured liens, the protection of 1322(b) takes effect and the lien may not be modified; but when the lien is totally unsecured, the lien may be modified because there is no secured portion of the lien that would be affected by a modification.

More recently, another court addressed this issue and reached the same result in Matter of Sanders, 303 B.R. 986 (Brktcy. D.Neb. 1996). In that case, the court first noted that the Nobleman decision did not address the issue of the "wholly unsecured" lienholder and therefore did not compel the conclusion that §1322(b) protected all security interests in debtor's principal residence without regard to whether the interest was unsecured or undersecured. The court relied on the reasoning of the Hornes court, and reached the same conclusion, that a wholly unsecured lienholder on debtor's principal residence is not entitled to the anti-modification protection of §1322(b) and therefore the unsecured lien may be stripped off of debtor's residence.

3

Therefore, as the cases illustrate, the prevailing trend in interpreting the <u>Nobleman</u> decision is to limit its effect to cases involving undersecured liens. This trend was followed by the 9th Cir. BAP in <u>Lam</u> (Supra). Further, the seeming majority of the courts are allowing modification of a lien on debtor's principal residence, if such lien is "totally unsecured".

In the instant case, the SECOND TRUST DEED CLAIM is totally unsecured (see Declaration of MONICA PEREZ attached hereto), the <u>Nobleman</u> decision does not apply and, as set forth in the <u>Lam</u> decision, the SECOND TRUST DEED CLAIM claim may be modified so that the lien is treated as an unsecured claim in Debtors Chapter 13 Plan.

### III.

### CONCLUSION

In light of the foregoing points and authorities and the fact that the subject lien is totally unsecured, the Court should allow Debtors to modify the SECOND TRUST DEED CLAIM and treat said lien as unsecured in their Chapter 13 plan and, upon debtors discharge, extinguish the lien.

Respectfully submitted,

URE LAW FIRM

DATED: 11/17/09

By: _____

Thomas B. Ure
Attorney For Debtors/Movants
Monica Perez and Angel Perez

4

Motion for Entry of Default Judgment under Local Bankruptcy Rule 9021-1 - Page 3

**9021-1.3**

| In re | CHAPTER: 13 |
|---|---|
| **Angel Perez** <br> **Monica Perez** <br> Debtor. | CASE NO.: **2:09-bk-33730 VZ** |

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA COUNTY OF __Los Angeles__

I am employed in the above County, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

On __11/17/2009__, I served the foregoing document described as: MOTION FOR DEFAULT JUDGMENT UNDER LOCAL BANKRUPTCY RULE 9021-1 on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at __, California, addressed as follows:

☐ Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 11/17/2009

_____          _____
Type Name                                        Signature

---

*Rev. 5/98* This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.     **F 9021-1.3**

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

| | |
|---|---|
| 1 | Service List |

2  **Debtors**
Angel and Monica Perez
3  11302 Mapledale St.
Norwalk, CA 90650-4726
4
**Chapter 13 Trustee**
5  Nancy K Curry
606 South Olive Street, Suite 950
6  Los Angeles, CA 90014

7  **Creditor**
Bayview Loan Servicing, LLC.
8  P.O. BOX 3042
Milwaukee, WI 53201-3042
9
**Creditor**
10  Bayview Loan Servicing, LLC.
Attn: Customer Service Department
11  4425 Ponce de Leon Boulevard 5th floor
Coral Cables, FL 33146
12
**Creditor**
13  Bayview Loan Servicing, LLC
ATTN: Loss Draft Department
14  4425 Ponce de Leon Boulevard
5th Floor
15  Coral Gables, FL 33146

16  **Creditor**
Bayview Loan Servicing, LLC
17  ATTN: Cashiering Department
4425 Ponce de Leon Boulevard
18  5th Floor
Coral Gables, FL 33146
19
**Creditor**
20  Bayview Loan Servicing, As Servicing Agent
P.O. Box 391346
21  Solon, OH 44139-8346

22

23

24

25

26

27

28